THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* MAX DRUCKER, Defendant.

County Court, Kings County, April 28, 1938.

*William F. X. Geoghan, District Attorney [Harry Sullivan* of counsel], for the plaintiff.

*Walter R. Hart,* for the defendant.

FITZGERALD, J. Motion for an inspection of the grand jury minutes or for a dismissal of the indictment for the reason that there was insufficient legal evidence before the grand jury to warrant the indictment. The defendant was indicted for libel. Section 1340 of the Penal Law provides: " A malicious publication, by writing, * * * which exposes any living person, * * * to hatred, contempt, ridicule or obloquy, or which causes or tends to cause any person to be shunned or avoided, or which has a tendency to injure any person, * * * in his * * * business or occupation, is a libel."

The evidence before the grand jury establishes that the complainant is a lawyer practicing his profession, that he has served three terms as a member of the Assembly; that in the elections in which he had been successful he had been the candidate of the Democratic party; that in 1937 he entered the Democratic primaries as an

independent candidate for the nomination as member of Assembly. It further appears that in complainant's successful campaigns the defendant had been an active worker for him, but that in the primary last fall defendant supported a candidate other than complainant.

Complainant testified that on September 3, 1937, at about five o'clock in the afternoon he saw the following circular posted on the inside of a window of a drug store at No. 167 Havemeyer street, a corner store at Havemeyer and South Third streets: " We protest against strikebreaker Aaron F. Goldstein! Get out of this working-class district! We accuse you of being a faker, demagogue and a cheap strikebreaker. You stand convicted before all honest workers of supplying strikebreakers during the Strike at May's Department Store in Brooklyn. You stand convicted of helping May's Department Store, the arch enemy of organized labor, obtain an injunction against 275 working girls who were out on strike for better working conditions. You seem to have acquired all the tricks regarding your new career ' Strikebreaking.' You stand convicted of ' misrepresentation ' by the working class in this district. Traitors, doublecrossers and strikebreakers are no friends of honest and law abiding citizens. This pamphlet is published and paid for by enrolled democratic voters of this district who are the rank and file members of the following unions: Furriers' Union, Amalgamated Clothing Workers, Teamsters Union, Millinery Workers Union, International Ladies' Garment Workers Union, Cooks & Countermen's Union. Friends of Organized Labor! Voters of the 14th A. D. Defeat the enemy of labor on primary day, September 16th."

When complainant saw the circular, defendant was standing in the doorway of the drug store pointing to the circular, in front of which was a crowd discussing the circular.

The testimony as to the ownership of the drug store is as follows: " Q. Do you know who owns the drug store? A. (By Complainant). The drug store, I believe, was owned at that time by the defendant, Max Drucker, and the basis for that belief, Mr. District Attorney, is this. That during the course of the hearing in the Magistrates' Court, while the defendant denied the ownership and while he was on the stand, I went over to his drug store to make a purchase of a bottle of rhubarb and soda, and it came back with his name on the label. That was offered in evidence, and received. Q. Do you know what happened to that bottle? A. No, I do not. The last I saw it was in the chambers of the judge."

The label was not put in evidence. The testimony as to its contents was incompetent, no proof having been submitted which justified secondary evidence of its contents.

The only other testimony as to ownership of the store was given by Detective James A. Lynch as follows: " Q. Do you know who owns that drug store? A. I don't know who owns it. Q. Was there any name on the drug store? A. I know the defendant, Drucker, owned the drug store. Whether he owns it at the present time, or at the time when that circular was in the window, I don't know." There was testimony that subsequently similar circulars had been distributed and that the defendant was responsible for their distribution. Such testimony might be competent under certain circumstances for certain purposes. The testimony theretofore elicited had not created such a situation as made the testimony concerning the repetitious circulars competent. It is unnecessary to discuss the rules of evidence applicable in civil and in criminal actions. The evidence is insufficient to establish publication by the defendant. From the earliest days of our republic public men have been the target of unbridled abuse. The practice has been so continuous as to be accepted almost as of course. None, however eminent, has escaped.

Washington, in his second term (July, 1793), wrote to Henry Lee that " The publications in Freneau's and Bache's papers are outrages on common decency." A former clerk of the House of Representatives declared that Washington had been overdrawing his salary in defiance of law, and in this way had actually stolen $4,750. (Lodge's George Washington, American Statesman Series, vol. 5, pp. 240, 245.)

Similar instances could be multiplied in the careers of every man whose services to the country are now universally acclaimed, and whose patriotism and integrity are unchallenged.

Men in public office and candidates for public office, in the vernacular, must be of sufficiently strong moral fibre " to be able to take it." None will escape the shafts of envy. It should be remembered, however, that virtue, public and private, are the death rays of calumny and vituperation.

The character of the publication, the basis of the charge herein, while not complimentary to complainant, in my opinion, is not libelous within the statute. It probably has by now been forgotten by everyone except those directly affected. The sooner the entire matter is given a respectable interment the better for the community.

Indictment dismissed.